Wallace v. Citizens' State Bank, 205 Ill. App. 7.

---

# J. H. Wallace et al., Appellees, v. Citizens' State Bank of Windsor et al., Appellants.

## (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Bill for an injunction by J. H. Wallace, W. H. Ownby, J. A. Erwin, C. C. Firebaugh, and Ruth Wallace

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Firebaugh, complainants, against the Citizens' State Bank of Windsor, Illinois, and the officers and stockholders of such bank, except complainant J. H. Wallace, defendants, to compel the transfer to complainant of certain shares of the capital stock of the defendant bank. From a decree, on demurrer to the bill, in favor of the complainants, defendants appeal.

VAUSE, HUGHES & KIGER and E. A. RICHARDSON, for appellants.

WHITAKER, WARD & PUGH, EDWARD C. CRAIG, DONALD B. CRAIG and JAMES W. CRAIG, JR., for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. CORPORATIONS, § 155*—*when transfer of stock valid as between parties.* As between the parties, a transfer of stock by delivery of the certificates with power of attorney or indorsed in blank passes title without transfer on the books of the company, even when the by-laws of the company provide to the contrary.

2. CORPORATIONS, § 153*—*when blank transfer of stock may be filled in with name of remote transferee.* A blank transfer of stock may be filled in with the name of a remote transferee whose name concerns only the purchaser of the stock.

3. CORPORATIONS, § 156*—*what is duty as to transfer of stock on books and issuance of certificates.* A bank is but the custodian of the shares of its capital stock, whose duty as such trustee it is to transfer on its books such shares to the owner of the actual title and issue to him certificates for the same.

4. CORPORATIONS, § 156*—*when duty to transfer stock and issue certificates enforceable in equity.* The duty of a bank to transfer on its books shares of its capital stock to the actual owners and to issue to him certificates for the same may be enforced in a court of equity.

5. EQUITY, § 146*—*when bill not multifarious.* Where a bill was filed by several complainants to compel the transfer of certain shares of the capital stock of the defendant bank, some to one com-

---

*See **Illinois Notes Digest,** Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Wallace v. Citizens' State Bank, 205 Ill. App. 7.

plainant and some to others, based in part upon a single certificate in which all were interested, each owning a portion of the shares represented therein as transferee of the original holder of such certificate, *held* that such bill was not multifarious.

6. CORPORATIONS—*what is right of owner of certificate to have new and smaller certificates issued.* The owner of shares of capital stock represented by a single certificate has the right to surrender such certificate and have new certificates made out for smaller numbers of shares in the names of any one whom he sees fit.

7. CORPORATIONS, § 154*—*who may join in suit to compel transfer of shares of stock.* All owners of shares of capital stock represented by a single certificate may join in a suit to compel a proper transfer of such shares made upon the books of the company.

8. APPEAL AND ERROR, § 760*—*when affidavits not part of record not considered.* The Appellate Court will not take notice of affidavits filed to show whether an assignment of error was presented or called to the attention of the trial court, but must decide the question raised upon the record before it.

9. CORPORATIONS, § 154*—*when bill to compel transfer of corporate stock on books sufficiently avers that complainant is assignee.* Where the owner of certain shares of capital stock transferred and indorsed the certificate representing same to his daughter by her maiden name, and suit was brought by her in her married name, to compel transfer on the books of the corporation in which the bill alleged that such shares were so assigned and that such assignee was the owner's daughter, and exhibits attached to and made a part of the bill stated that by such assignment complainant became the owner of such shares, *held* that there was sufficient averment that complainant was such assignee.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.